# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYRONE E. VINSON, | ) | 1:09-cv-00591 AWI GSA |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| TURNING POINT, RICHARD SOLIS, JENNIFER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Tyrone E. Vinson, appearing pro se and proceeding in forma pauperis, filed a complaint on April 2, 2009. Plaintiff appears to assert an allegation concerning a failure to release monies belonging to Plaintiff and apparently controlled by Defendants. Plaintiff names Turning Point, Richard Solis, and "Jennifer" as Defendants.

## I.

## DISCUSSION

**A.**  *Screening Standard*

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the court has reviewed the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard,

1

the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

**B.** *Plaintiff's Allegations*

Plaintiff's complaint is largely incomprehensible. Plaintiff references sums of money that he may have inherited from his grandparents' estate, and then lists a number of entities and assigns a sum of money thereto, without any further explanation. For example, Plaintiff states "1. DENNYS $200-250 FOR TWO WEEKS . . . 2. JOB CORPS $ DOLLARS $2000-3000 DOLLARS A MONTH . . . MARIE-CALENDER $200-250 EVERY 2 WEEKS . . . SOCIAL SECURITY ABOUT $1000 DOLLARS A MONTH." Additionally, there are notes and vague numerical notations in the margins.[1]

**C.** *Analysis*

As a preliminary matter, Plaintiff has failed to state with specificity which constitutional rights Defendants have allegedly violated. Plaintiff appears to be making a claim that his property is improperly withheld or wrongfully detained by Turning Point, social worker Richard Solis, and "payee Jennifer." However, Plaintiff's complaint is devoid of establishing the court's jurisdiction because he has not cited to any statutory or other legal authority in the complaint to establish federal court jurisdiction. In fact, he makes no mention whatsoever of the Constitution

---

[1] The only clear reference to a potential cause of action appears on the face of the Civil Cover Sheet wherein Plaintiff wrote "WON'T GIVE ME ENOUGH [MONEY]" in section VI (Cause of Action) and included a demand of "1000" in section VII of the form.

2

or federal law.[2] A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

1.  Rule 8(a)

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. at 45-46. Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47.

Although Plaintiff attempts to assert a claim of some kind, his complaint is incomprehensible and, thus, insufficient to state a legally cognizable cause or causes of action. It is Plaintiff's burden, not that of the Court, to separately identify claims and state facts in support of each claim. If Plaintiff wishes to allege causes of action he must separate each claim and state facts in support of each individual claim. The Court cannot speculate about the unidentified cause or causes of action, which facts relate to which claim, or how each Defendant relates to each cause of action. The Court appreciates that Plaintiff clearly believes he has been injured in some manner, yet the Court cannot ascertain the manner of the injury or the nature of the claim from Plaintiff's complaint.

Plaintiff's allegations are vague, conclusory, and confusing, and fail to place Defendants on notice as to the basis of Plaintiff's claims against them. Additionally, Plaintiff has identified one Defendant by first name only, i.e., "Jennifer." To the degree that Plaintiff has identified a Doe defendant, and although the use of Doe defendants is generally disfavored, "'plaintiff should

---

[2]Despite being asked to check "one box only" in section IV - Nature of Suit - on the Civil Cover Sheet, Plaintiff checked one box under each subcategory with one exception. In other words, he identified the following types of suit: contract. tort, forfeiture/penalty, bankruptcy, property rights, real property, civil rights, prisoner petitions, social security, federal fax suits, and other statutes.

3

be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities . . ..'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)).

Plaintiff will be given an opportunity to amend his complaint to comply with Rule 8(a). In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claim or claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable. Plaintiff is advised that his amended complaint must contain all necessary allegations.

### 2. Section 1983 Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983. Thus, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is advised that to state a claim for relief under section 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. This linkage requirement mandates that Plaintiff name an individual

4

Defendant for each alleged violation. Plaintiff is cautioned that "Turning Point" is not a "person" under section 1983.

Relatedly, Plaintiff is also cautioned that in order to state a section 1983 claim against Turning Point, he must show that it was acting under color of state law at the time of its actions. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful,"' *Blum v. Yaretsky*, 457 U.S. 991, 1002 [] (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 [] (1948))." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50.)

## CONCLUSION

For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff's first amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiff fails to file a first amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.

Plaintiff is cautioned that an amended complaint supercedes the original complaint (*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated: **April 13, 2009**      /s/ **Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE

5