# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE E. VINSON,<br><br>        Plaintiff,<br><br>    v.<br><br>TURNING POINT, RICHARD SOLIS, JENNIFER,<br><br>        Defendants. | 1:09-cv-00591 AWI GSA<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF COMPLAINT |

Plaintiff Tyrone E. Vinson, appearing pro se and proceeding in forma pauperis, filed a complaint on April 2, 2009. On April 13, 2009, the Court dismissed the complaint with leave to amend and allowed Plaintiff to file an amended complaint within thirty (30) days of the date of service of the order. Over thirty (30) days have passed and Plaintiff has not filed an amended complaint or otherwise communicated with the Court.

**DISCUSSION**

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

1  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
2  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissed for noncompliance
3  with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure
4  to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439,
5  1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs
6  to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.
7  1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,
8  1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

9       In determining whether to dismiss an action for lack of prosecution, failure to obey a
10 court order, or failure to comply with local rules, the court must consider several factors: (1) the
11 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
12 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
13 their merits; and, (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;
14 *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
15 *Ghazali*, 46 F.3d at 53.

16      In the instant case, the Court finds that the public's interest in expeditiously resolving this
17 litigation and the Court's interest in managing its docket weigh in favor of dismissal.  More than
18 two weeks - or eighteen (18) days - have passed following the expiration of the deadline by
19 which Plaintiff was to file any amended complaint.[1]  The third factor - risk of prejudice to
20 defendants - also weighs in favor of dismissal, since a presumption of injury arises from the
21 occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522,
22 524 (9th Cir. 1976).  The fourth factor - public policy favoring disposition of cases on their
23 merits - is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a
24 court's warning to a party that his failure to obey the court's order will result in dismissal
25 satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833
26 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's Order Dismissing Complaint with
27 Leave to Amend expressly stated that failure to respond would result in a recommendation that
28

---

[1] Plaintiff was to have an amended complaint on file no later than May 18, 2009.  (*See* Doc. 4.)

1  the action be dismissed.   Thus, Plaintiff had adequate warning that dismissal would result from
2  non-compliance with the Court's order.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiff's failure to follow the Court's order.

These Findings and Recommendations will be submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l) and Rule 72-304 of the Local Rules of Practice for the United States District Court for the Eastern District of California.  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 5, 2009**            /s/ **Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE